**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDDIE L. ANDREWS; EARL L.
ANDREWS; ANGELA ANDREWS;
RICHARD H. ANDREWS,

        Plaintiffs-Appellants,

  v.

JERRY L. ANDREWS; TRACII
JOANN ANDREWS, individual
capacity; PAULETTE L. SCHULTZ,
individual capacity; TRAVIS WHITE,
social worker, individual capacity and
official capacity; ANGELA TARRON,
social worker, individual and official
capacity; MELANIE LESLEY, social
worker, individual and official
capacity,

        Defendants-Appellees.

No. 05-6102
(D.C. No. CIV-05-0110-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs brought this pro se civil rights action alleging constitutional violations in connection with a series of state child custody proceedings. The factual details and constitutional underpinnings of the claims are not clear from plaintiffs' pleadings or briefs. Apparently, some of the state proceedings are not yet complete, and plaintiffs sought to suspend those proceedings and to restrict investigation/enforcement of parental code violations more generally by moving for an injunction against the state governor and human services director, who had not been named in the suit. The district court denied the motion on alternative grounds, holding injunctive relief (1) barred by Eleventh Amendment immunity, (2) unavailable against non-parties, and (3) unsubstantiated on the merits in any event. We take jurisdiction under 28 U.S.C. § 1292(a)(1), review for an abuse of discretion, *see Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005), and affirm on the basis of the latter two grounds.[1]

---

[1]     Even a discretionary decision cannot rest on an error of law, *see Schrier*, 427 F.3d at 1258, and the district court's holding that the Eleventh Amendment bars injunctive relief against state officers in their official capacities is contrary to the teaching of *Will v. Michigan Department of State Police*, 491 U.S. 58, 71

(continued...)

In order to justify injunctive relief, the movants must establish that:

(1) [they] will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damages the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.

*Id.* (quotations omitted). Moreover, the right to relief "must be clear and unequivocal." *Id.* (quotation omitted). Plaintiffs' rambling, vague, and conclusory submissions do not satisfy this standard. It is not possible to gauge in a meaningful way any one of the relevant factors, much less conclude with the requisite conviction that they collectively warrant the relief requested.

The district court also emphasized that the officials plaintiffs sought to enjoin had not been named or served in the proceeding. A circuit decision issued over thirty years ago indicates that this fact would, in itself, preclude the requested relief, because personal jurisdiction over the targets of the injunction (not already established in the underlying case) could not be created by the All Writs Act, 28 U.S.C. 1651. *See Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355-56 (10th Cir. 1972). However, the Supreme Court subsequently decided *United States v. New York Telephone Co.*, 434 U.S. 159 (1977), which upheld a non-party injunction (compelling a telephone company to

---

[1](...continued)
n.10 (1989). *See, e.g., Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001).

assist the government's use of investigative pen registers) and stated that "[t]he power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action . . ., are in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of justice." *Id.* at 174. We have noted that *New York Telephone* arguably modified *Commercial Security Bank* by suggesting "that the All Writs Act may be a basis for *personal jurisdiction* when subject matter jurisdiction is otherwise obtained." *Hillman v. Webley*, 115 F.3d 1461, 1469 n.5 (10th Cir. 1997) (quotation omitted). While the non-party status of an injunction's target may thus no longer be a conclusive impediment, it nevertheless heightens the hurdle that must be cleared to obtain the injunction: not only must the motion advance considerations satisfying the traditional injunction factors noted above but those considerations must also constitute the "appropriate circumstances" referred to in *New York Telephone* to justify issuing an injunction against a non-party. Plaintiffs' motion for injunction did neither and was properly denied.

The order of the district court is AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


-4-